UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

HILARY ANN STEWARD,

    Debtor.

WOLFE THOMPSON & WOLFE THOMPSON LLC,

    Appellants,

v.

HILARY ANN STEWARD,

    Appellee.

Case No. 2:11-cv-00261-LDG (GWF)
Bankruptcy No. 09-33793-BAM
Chapter 7
Appeal Reference 11-06

**ORDER**

    The appellants, Wolfe Thompson and Wolfe Thompson LLC, appeal the bankruptcy court's order denying their motion, brought pursuant to Fed. R. Bankr. Pro. 9024 and Fed. R. Civ. Proc. 60(b)(4), to vacate an order granting sanctions. Appellants have filed an opening brief, and the debtor, Hilary Ann Steward, has filed an opposition. The Court affirms the bankruptcy court.

    On June 23, 2010, the debtor filed a motion in bankruptcy court, accompanied by points and authorities, asking that appellants show cause why they should not be held in

contempt and sanctioned for violation of the discharge injunction applicable to her bankruptcy case. Appellants filed an opposition on July 9, 2010. In that opposition, appellants averred they had "a conflict on the hearing date. Also, considering the nominal amount of the judgment, the undersigned hereby waives oral argument and consents to the court's ruling." The hearing date was continued. Appellants again waived appearance. The bankruptcy court held a hearing on August 24, 2010, at which only the debtor made an appearance. On September 1, 2010, the bankruptcy court entered its order granting the debtor's motion and ordering sanctions in the amount of $500.00 against appellants. Appellants were notified of the order granting sanctions.

Appellants did not timely appeal the order granting sanctions.

On November 1, 2010, the debtor's bankruptcy case was closed by final decree.

On December 22, 2010, (and without moving to re-open the bankruptcy case) appellants moved to vacate the order granting sanctions. The bankruptcy court heard arguments on January 25, 2011, and entered its ordering denying the motion to vacate on January 30, 2011.

At the hearing on appellants' motion to vacate, the bankruptcy court found that:

> the history of this matter is fairly clear that Mr. Thompson continually slept on his rights, failed to file what he needed to file, and now is seeking to be absolved from that failure to do what he should have known.
> First, to the extent that he had a contempt, that he had a debt based in contempt, obviously, under 523(a)(4), (a)(6), it was incumbent upon him to file a complaint seeking to declare the debt nondischargeable. He did not do that. The debtor received her discharge.
> The communications which occurred after that were violations of the discharge. All of that is settled law and settled by the order which I entered on December 1st – excuse me – on September 1st.
> Mr. Thompson also had notice not only of that, but we also continued the hearing to allow him further time to appear. And each time, he waived oral argument and consented to the entry of the order for the Court.
> Thus, he had notice of the hearing. He had notice of what was at issue at the hearing, and he had notice as he admits that the hearing was based on 524, the permanent injunction.
> And, thus, as an attorney certainly should have noticed that that would imply sanctions for the violation of that as requested in the original motion.

> Now, rather than appeal that order of September 1st, he chose not to do so, yet another in a series of intentional acts designed not to do it, designed, presumably, to save short-term costs at the expense of long-term results.
> And only when Ms. Steward sought to enforce her judgment did he file this motion seeking to set aside and to quash the writs attendant thereto.

After noting other errors or potential errors committed by appellants for which the bankruptcy court reserved its right to seek additional sanctions against appellants, the bankruptcy court continued:

> He explicitly waived appearance at the hearing and consented in advance to the order of the Court, did not appeal the order once entered, and produces no evidence, no new evidence, here today with respect to any of the infirmities of that order.
>
> . . .
>
> This order [granting sanctions] being a resolution of a motion on its face is final and appealable under 28 U.S.C. 158. As such, he had 14 days to appeal and then chose not to do so. It is now a final order.
> He as much concedes that by seeking relief under Rule 60 which is only applicable which [sic] respect to final orders. Thus for all of those reasons, I will not set aside the order granting sanctions.

Pursuant to Rule 60(c)(1), "a motion under Rule 60(b) must be made within a reasonable time . . ." The bankruptcy court's findings include appellants' history of sleeping on their rights. While appellants opposed the motion to show cause for contempt and award sanctions, that motion included a waiver of appearance at the hearing and consented to the order of the court. The bankruptcy court continued the hearing to provide appellants an opportunity to appear. Appellants again waived appearance. The bankruptcy court held the hearing. Appellants did not appear. The bankruptcy court entered its order and appellants were notified. Appellants did not timely file an appeal. Appellants did not engage in any act until after the debtor took steps to execute upon her judgment obtained against appellants.

3

Despite the above statements of the bankruptcy court, the appellants' opening brief to this Court does not argue that their Rule 60(b) motion to the bankruptcy court was made within a reasonable time.

The Court agrees with the bankruptcy court, under these circumstances, the appellants slept on their rights. Appellants did not file their Rule 60(b) motion with the bankruptcy court within a reasonable time.

Accordingly,

THE COURT **AFFIRMS** the Bankruptcy Court's Order Denying the Motion to Vacate Order Granting Sanctions.

DATED this 30 day of March, 2012.

_____
Lloyd D. George
United States District Judge